Daman, J.
This action is brought by the state of Ohio, on the relation of Andrew Johnson and Frank Foltz, against the village of McClure, Ohio, to contest the validity of an election held in said village on the 9th day of September, 1907, under the provisions of the Beal local option election law.
*542 The grounds of contest assigned are in substance: That forty per cent, of the qualified electors did not petition council •for said election; that two illegal votes were cast and counted; that three qualified electors were denied permission to vote; that fraud was perpetrated by the election board in the issuing of the ballots, and in the counting of the votes; that the judges of election did not at the close of the polls announce the number of votes cast, nor destroy the unvoted ballots; that the deputy state supervisors of elections did not supervise said election, and had no notice of the holding of said election; and that the judges of said election did not appoint challengers and inspectors as required by law.
On the propositions contained in the 2d, 3d and 6th grounds of contest, concerning the casting and counting of illegal votes, the rejection of qualified voters, and the failure to announce the total vote and destroy the unvoted ballots, no evidence was introduced by contestants to substantiate the allegations of the petition; and they consequently drop out of the consideration for want of proof.
As to the first ground of contest the evidence discloses: that a petition praying for a local option election was filed with the mayor of the village on August 17, 1907, and was presented to the council on August 26“ 1907; that said petition consisted of two sheets fastened together; that the first sheet contained sixty-one names and the second fourteen names; that only the first of the two sheets contained the file-mark of the mayor and clerk; and that the total vote cast at the last preceding municipal election in said village was one hundred and thirty-eight.
It is not necessary for the purposes of this contest to determine whether .or not the two sheets may be taken together to constitute the petition. According to the undisputed evidence as to the number of votes cast in the last preceding municipal election of said village, fifty-six qualified electors would constitute the necessary forty per cent. ' Sixty-one names being signed to the first sheet, and neither the genuineness of the signatures nor the qualification of the signers being questioned, the petition must be considered sufficient (In Re S. Charleston, *543 3 N. P.—N. S., 373). Whether the contention in connection herewith, that the finding of the council upon this petition as spread upon its record is insufficient in form, has any standing under pleadings or not, the decision of our own circuit court in the Huntsville case (1 C. C.—N. S., 489-492) makes such a finding immaterial, if the petition is in fact sufficient. The petition filed, and not the finding of the council thereon, confers jurisdiction. Such being the case, the petition herein gave the council jurisdiction to order the election held.
The fourth and fifth grounds of contest are charges of fraudulent conduct on the part of the McClure election board. This court does not find the charges contained in the petition sustained by the evidence offered.
It is in evidence that David Weeks, an elector, discovered the figures “62” marked upon his ballot; how they came there, whether by design or by accident, is not explained. But it is also in evidence that Mr. Weeks received his ballot in the regular way, voted according to his own judgment, without coercion from anyone or collusion with any one. There is no evidence of any fraudulent purpose on the part of anybody with regard to this mark, nor of any fraudulent use to which this marking was put, nor that this elector or the result of this election was in any manner affected thereby.
It is further in evidence that upon closing the polls the judges counted the ballots cast, without opening them, as the law provides; and that, finding the number of ballots to correspond with the number of names on the poll-books, they returned them to the ballot-box and proceeded to count the votes; that upon finishing the count they found one more vote tallied by the clerks than there were ballots cast; that the error was caused by a disputed ballot which had been called and tallied twice; that they returned the ballots to the box and verified the count; that upon the second count they changed their decision as to the disputed ballot and corrected the tally-sheet accordingly. Witnesses who watched the canvass of the votes from the outside through a window substantiate this evidence as to the counting and recounting of the votes.
-In the absence of any other evidence, the charge of fraudu *544 lent conduct on the part of the McClure election board is clearly not proven; and this court feels it to be his duty to exonerate this election board from any imputation of wrongdoing.
The main contention of the contestants rests upon the last two grounds of contest:
1. The failure of the deputy state supervisors .of elections of Henry county to conduct and supervise this election.
2. The failure of the McClure election board to appoint challengers and inspectors.
Contestants offer in evidence that three of the four deputy state supervisors of elections had no knowledge or notice of the fact that this election had been ordered, and that they were required to perform the duties of their" office in regard thereto. The evidence shows that the chief deputy and clerk, without notice to the other deputy supervisors, or any of them, and without their knowledge of the fact, prepared and printed ballots, furnished poll-books and tally-sheets, notified the judges and clerks, and delivered the election supplies; and that the record of the supervisors, showing these actions to have been done upon the resolution and vote of all the members, is false and erroneous. And the evidence stands uncontradicted.
Contestants contend that such failure on the part of the deputy - state supervisors to control and supervise this election renders the election void.
Contestants offer in evidence that the judges of said election did not, as required by Sections 2966-34 and 2966-38, Revised Statutes, appoint challengers and inspectors to represent both sides of the question to be voted upon. And this evidence also stands uncontradicted.
' Contestants contend that such challengers and inspectors constitute part of the election board for such special elections; that the statute providing for their appointment is mandatory; and that failure to comply therewith renders the election void.
The questions raised have never been passed upon by any Ohio court. For that reason this court, in arriving at its conclusions, is limited to a consideration of the statutes, aided only by the trend of judicial opinion in analogous cases. The line of demarkation as to what statutory provisions concerning the con *545 duct of elections are mandatory and what provisions are directory is not a clear one. The general rule, however, seems to be as stated in Cooley on Const. Lim., p. 778:
‘ ‘ The doctrine of the authorities is, that election laws are to be construed liberally, so as to preserve, if possible, the choice of the people, as expressed at an election, and not to defeat it. ’ ’
In these special elections the supervision and control to be exercised under the statutes by the deputy state supervisors of elections consists in furnishing- the ballots, providing the poll-books and tally-sheets, and notifying the regular election officers of the precinct to attend. Over the vital elements of the election they have no jurisdiction. They do not pass upon the petition; they do not order the election nor ñx the time thereof; they do not give notice, nor canvass the result. If an election were lawfully ordered, but no official ballots were at hand, the election may nevertheless be held; if the regular election officers should fail to attend, a valid election could still be held. The acts required to be performed by the deputy state supervisors go to the manner of holding the election; they do not appear to be acts vital to the election itself. The general rule, as laid down in Dishon v. Smith (10 Iowa, 212), is quoted with approval in the Ohio courts:
“In matters of such public nature, the observation of each particular is not held a prerequisite to validity. And it is a general rule of law that statutes directing the mode of proceedings of public officers, relating to the time and manner, are directory. The people are not to be disfrancEsed, to be deprived of their voice, by the omission of some duty by an officer, if the election has in fact been held at the proper time; and that such penalty ought not to be visited upon them for the negligence or willfulness of one charged with similar duties. tJpon considerations like these the courts have held that the voice of the people is not to be rejected for a defect, or even want of notice, if they have in truth been called upon and' have spoken. ’ ’ '
Applying this rule to the case at hand, it appears clearly that the dereliction of the deputy state supervisors, or any of them, in the performance of their duties, ought not to invalidate the election, unless it be shown that but for such non-perfonnance the result of -the election would have been different.
Donovan & Dittmer, for the contestants.
W. W. Campbell and Wayne B. Wheeler, for the contestees.
Election boards are constituted by Section 2966-6, Revised Statutes, to consist of four judges and two clerks, and are appointed for the term of one year. Challengers and inspectors are 'provided by statute for every election to safeguard the rights of interested parties. --They take no part in conducting the election; they receive no compensation from the state; they are not representatives of the general public; they represent a party, a side. If interested parties, discovering that a statutory provision inuring to their benefit has not been executed by the proper officers, make no demand upon them to comply with the law, they can not on contest be heard to complain, unless they can show that by reason of such omission the result of the election was affected.
From these considerations this court has arrived at the conclusion that the provisions of law, the violation of which by the deputy state supervisors and judges of election is relied upon be these contestants as the grounds for setting aside this election, are directory merely, and not mandatory.
Following what this court believes to be the Ohio rule (Fike v. State, 4 C. C.—N. S., 84), “that mere irregularities that do not go to the foundation of the election, will not invalidate the election, although the provisions of the statute have been technically violated, if it appeal’s that there has been a fair election and a comparatively full vote, and no fraud or attempt to deceive or mislead, ’ ’ and believing that the- election here contested expresses the free choice of the qualified electors of the village of McClure on the question presented to them in that election, the prayer of the petition will be denied and the petition will be dismissed at contestants’ costs.